IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTIAN WHITTLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-594-WKW-CWB |
| | ) (WO) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 wherein Christian Whittle ("Whittle") challenges his conviction and resulting sentence for possession of a firearm as a convicted felon. (Doc. 2).[1]  For the reasons discussed below, the undersigned Magistrate Judge recommends that Whittle's motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.

**I.     Background**

On November 7, 2016, Whittle pled guilty to possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1).  (Crim. Doc. 67).  On August 17, 2017, the district court sentenced Whittle to 72 months in prison.  (Doc. 10-3).  The district court entered judgment the same day (Doc. 2-1), and Whittle did not appeal.

On August 2, 2020, Whittle sent a letter to the court wherein he asserted that he was entitled to a vacatur of his conviction and sentence based on the Supreme Court's holding in

---

[1] References to documents filed in this action are designated as "Doc."  References to documents filed in the underlying criminal case (Case No. 2:16-cr-344-WKW) are designated as "Crim. Doc."  Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as presented for filing.

1

*Rehaif v. United States*, 139 S. Ct. 2191 (2019).[2]  (Doc. 2).  Because Whittle was challenging his conviction and sentence, the court entered an Order informing him of its intention to treat the letter as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and providing him with the notice and warnings required by *Castro v. United States*, 540 U.S. 375 (2003).  (Doc. 3). On August 31, 2020, Whittle filed an "Amended Supplement" in which he affirmed his desire to proceed pursuant to § 2255.  (Doc. 7).

Under 18 U.S.C.§ 922(g)(1), it is unlawful for any person "who has been convicted in any court of [ ] a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition."  A related provision, § 924(a)(2), adds that anyone who "knowingly violates" the prohibition shall be fined or imprisoned for up to 10 years. Before *Rehaif*, to secure a felon-in-possession conviction under § 922(g)(1), the government thus had to prove (1) that the defendant "knowingly possessed a firearm," (2) that the defendant was "previously convicted of an offense punishable by a term of imprisonment exceeding one year," and (3) that the firearm "was in or affecting interstate commerce." *See, e.g., United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008).  In *Rehaif*, however, the Supreme Court extended the knowledge requirement to the second of those factors, and the government must now prove that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm" at the time of possession.  *Id*. at 2195-96, 2200.

---

[2] Whittle's letter was date-stamped as received by the court on August 11, 2020 (Doc. 2 at p. 1), but Whittle avers that he signed the letter (and presumably placed it in the prison mailing system) on August 2, 2020 (Doc. 2 at p. 6).  Under the prison mailbox rule, a *pro se* filing is deemed filed on the date it is delivered to prison officials for mailing.  *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

Whittle contends that *Rehaif* entitles him to relief because he was not informed by the court during his guilty plea hearing that a conviction under § 922(g)(1) requires that he knew of his status as a convicted felon when he possessed the firearm. (Doc. 2 at pp. 3–5). The government in turn contends that Whittle's motion is time-barred because he filed it over one year after the Supreme Court decided *Rehaif*. (Doc. 10 at pp. 3-4).

## II.   Discussion

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which established a one-year limitation period for filing motions under 28 U.S.C. § 2255. In pertinent part, the AEDPA amended § 2255 to provide:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Eleventh Circuit has held that "*Rehaif* announced a new rule of substantive law that applies retroactively" to § 2255 motions. *Seabrooks v. United States*, 32 F.4th 1375, 1383 (11th Cir. 2022). Therefore, the limitation period for bringing § 2255 claims under *Rehaif* is controlled by § 2255(f)(3), which requires such claims to be raised within one year of "the date

on which the right asserted was initially recognized by the Supreme Court." Because the Supreme Court decided *Rehaif* on June 21, 2019, the deadline for filing any related § 2255 claim expired on June 21, 2020. Whittle did not file his § 2255 motion until August 2, 2020, which renders it untimely by 42 days.

Untimely claims can remain viable under limited circumstances where equitable tolling is deemed proper or actual innocence is demonstrated. *See Mims v. United States*, 758 F. App'x 890, 892 (11th Cir. 2019). It is settled that "[t]he petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The burden of establishing actual innocence likewise falls on the petitioner. *See United States v. Montano*, 398 F.3d 1276, 1285 (11th Cir. 2005). Nothing in Whittle's pleadings suggests that his *Rehaif* claim is proper under either exception. Whittle's pleadings include no argument for equitable tolling. *See Holland v. Florida,* 560 U.S. 631, 649 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Nor does Whittle present argument of his actual innocence. *See United States v. Sanders,* No. 4:17-cv-359, 2020 WL 1876335, at *2 (N.D. Fla. Apr. 15, 2020) ("A *Rehaif* error, without more, does not establish actual innocence.") (citing *In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019)).

Even if Whittle had expressly asserted actual innocence, such a claim would be implausible. The actual-innocence exception is exceedingly narrow and reserved only for extraordinary cases. *See McKay v. United States*, 657 F.3d 1190, 1198-99 (11th Cir. 2011). Actual innocence is more than mere legal insufficiency; it requires factual innocence. *See, e.g., Bousley v. United States*, 523 U.S. 614, 623 (1998); *McKay*, 657 F.3d at 1197. To establish actual innocence, a petitioner must show that, in light of new reliable evidence not presented at trial, "it

is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To prove actual innocence on a § 922(g)(1) conviction, a petitioner must show that he had no knowledge of being a convicted felon when he possessed the firearm. *See Rehaif*, 139 S. Ct. at 2200; *Hatcher v. United States*, No. 2:19-cv-8053, 2022 WL 4474915, at *2 (N.D. Ala. Sept. 26, 2022). It has been recognized, however, that "most people convicted of a felony know that they are felons." *United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020). And "someone who has been convicted of felonies repeatedly is especially likely to know he is a felon." *Id*. (citing *United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019)).

Here, Whittle's presentence report reflects that he previously had been convicted of numerous felony offenses. (*See* Doc. 10-2 at pp. 6–11). At age 19, Whittle was convicted of first degree theft of property and sentenced to four years in custody. (*Id*. at p. 8, ¶ 32). Multiple felony convictions followed, including convictions for escape in the third degree, theft of property in the third degree, burglary in the third degree, theft of property in the first degree, and assault in the third degree. (*Id.* at pp. 9–11, ¶¶ 33, 34, 38, 39). On at least two instances, Whittle served more than a year in prison. (*Id.*). "[S]erving more than a year in prison provides circumstantial evidence of knowledge of felon status." *Innocent*, 977 F.3d at 1083. Because the record contains overwhelming evidence to find that Whittle knew of his felon status when he possessed the subject firearm, he cannot satisfy the actual-innocence exception.

### III. Conclusion

For the reasons stated above, it is the **RECOMMENDATION** of the Magistrate Judge that Whittle's § 2255 motion (Doc. 1) be **DENIED** without an evidentiary hearing and that this case be DISMISSED with prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed no later than March 10, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 24th day of February 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**